_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00870-FWS-JDE                              Date: May 15, 2026
Title: Lorena Niebla v. Mintz Levin Cohn Ferris Glovsky and Popeo *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                         Not Present

**PROCEEDINGS: ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [17] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS SEVENTH CAUSE OF ACTION [10]**

Plaintiff Lorena Niebla filed this case in Orange County Superior Court alleging that the termination of her employment with Defendant Mintz Levin Cohn Ferris Glovsky and Popeo (the "Firm") was discriminatory and retaliatory. (Dkt. 1-1 ("Complaint" or "Compl.").) Plaintiff asserts claims against the Firm for sex and pregnancy discrimination, disability discrimination, and retaliation, among other related claims, and also brings a claim against one of the Firm's associates, Defendant Stephen Michael Callegari (the "Associate"), for defamation related to a poor review Plaintiff received. (*Id.* ¶¶ 115-29.) The Firm removed the case, invoking diversity jurisdiction and arguing that the Associate—like Plaintiff, a California resident—"is a fraudulently joined or sham defendant." (Dkt. 1 (Notice of Removal) ¶ 4.)

Before the court are two interrelated motions: Plaintiff's Motion to Remand, (Dkt. 19 ("Motion to Remand" or "MTR")), in which Plaintiff argues the Associate is not fraudulently joined, and Defendants' Motion to Dismiss Plaintiff's claim against the Associate, (Dkt. 10 ("Motion to Dismiss")). Both the Motion to Remand and the Motion to Dismiss are fully briefed. (*See* Dkts. 22-27.) The court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for May 28, 2026, (*see* Dkt. 20), is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion to Remand and **DENIES AS MOOT** the Motion to Dismiss.

_____

**CIVIL MINUTES – GENERAL**                                          1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00870-FWS-JDE                    Date: May 15, 2026
Title: Lorena Niebla v. Mintz Levin Cohn Ferris Glovsky and Popeo *et al.*

═══════════════════════════════════════════════════

## I.    Background

The Firm hired Plaintiff in May 2022 as a second-year corporate associate.  (Compl. ¶ 22.)  In June 2023, she "received her first annual review where her performance was lauded for being responsive, professional, and communicative, and praised for eagerly taking on new tasks and making herself readily available."  (*Id.* ¶ 23.)  In this review, the Associate stated that Plaintiff was "a pleasure to work with" and "exceed[ed his] expectation as a 3rd year associate."  (*Id.*)

In January 2024, Plaintiff received a year-end evaluation for her work from January 2023 to January 2024, which also "was very positive with all three supervising attorneys ranking her as performing 'at expectations' or 'at level.'"  (*Id.* ¶ 25.)  In that review, the Associate wrote that Plaintiff "has a strong work ethic, has shown a willingness to make sacrifices to meet aggressive client deadlines and can be counted on to remain calm and composed in a high stress environment."  (*Id.*)

Plaintiff "went on maternity leave on April 1, 2024, for the birth of her first child."  (*Id.* ¶ 26.)  "She had to extend her leave until September 23, 2024, due to a disability."  (*Id.*)

A week after Plaintiff returned from leave, on October 1, 2024 the Firm "prepared a document 'FY24 Year-End Evaluation Meeting & Final Warning,' planning to hit Plaintiff with a pre-planned scripted 'feedback.'"  (*Id.* ¶ 27.)  "The document criticized Plaintiff for low billable hours, even though Plaintiff just took a maternity and disability leave for almost the entire fiscal year 2024"; "accused Plaintiff, a new mother, of not demonstrating 'the sense of ownership and commitment'"; and "placed an unfair burden on Plaintiff to speed up her ramp up period – a benefit which she was entitled at MINTZ as a new mother who just had a baby," "demand[ing] that she improve her commitment to the firm immediately."  (*Id.* ¶¶ 27-28.)  The document went on, "As a 5th year associate, we would expect for you to be handling direct client requests with confidence, preparing novel drafts on sophisticated issues, critically applying law to unique situations, and proactively driving deals forward."  (*Id.* ¶ 29.)  The Firm recommended Plaintiff "seek out more work in the next few months, which she did," even though the Firm "did absolutely nothing to meaningfully reintegrate Plaintiff into the workplace after her maternity leave and find her work."  (*Id.* ¶ 30.)  To this end, after returning from leave,

_____

**CIVIL MINUTES – GENERAL**                                        **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00870-FWS-JDE                                    Date: May 15, 2026
Title: Lorena Niebla v. Mintz Levin Cohn Ferris Glovsky and Popeo *et al.*

"Plaintiff dramatically increased her billing and billed well beyond the required 80% hours. She billed 182 client billable hours in October, 227 hours in November, and 170 hours in December. By April 2025, she was on track to bill over 2,000 hours – well beyond the firm's requirement and despite being eligible for the reduced billable hours policy after coming back from her maternity leave.  She also attended training."  (*Id.* ¶ 33.)

In January 2025, the Firm delivered Plaintiff's year-end evaluation for work from January 2024 to January 2025.  (*Id.* ¶ 34.)  Four of the six attorneys reviewing Plaintiff rated her work "at" or "above expectations."  (*Id.* ¶¶ 34, 37-40.)  The Associate "and his boss, Daniel Bagliebter," however, rated Plaintiff "at/below expectations," even though the Associate had "praised Plaintiff's performance prior to her pregnancy leave."  (*Id.* ¶ 34.)  The Associate "falsely accused Plaintiff of being incompetent, such as unable to run deals independently, claiming that she was not asserting in pushing the deal forward, and taking a more 'reactive' role."  (*Id.* ¶ 36.)  "He also stated that '[Plaintiff] should look to take the first cut at reviewing the main transaction docs, preparing issues list for discussion with the client, leading that discussion with the client, and negotiating directly with opposing counsel,' implying that she was lacking those skills.  He further claimed that he has seen '[Plaintiff] be proactive with Disclosure Schedules but I can't say that about the other elements of a deal.'"  (*Id.*)

In an April 29, 2025 meeting, "[d]espite Plaintiff meeting her billable target for the fiscal year of 2025 and consistently receiving positive feedback," Michael Fantozzi, "a managing member of [the Firm's] Boston office," "suddenly informed Plaintiff . . . that she was underperforming and not producing work at her expected level and was working inefficiently on disclosure schedules."  (*Id.* ¶¶ 31, 45.)  The Firm "created another defamatory document, falsely accusing Plaintiff as follows: 'you are not consistently performing work at the appropriate level,'" "taking too much time to complete the work, and not producing a clean or high-quality work product"; and other false statements.  (*Id.* ¶¶ 45-46.)  Mr. Fantozzi told Plaintiff her employment with the Firm was being terminated, which it was on July 8, 2025.  (*Id.* ¶¶ 47-48.)

Based on these facts, Plaintiff alleges claims against the firm for sex and pregnancy discrimination, disability discrimination, and retaliation, among other related claims.  (*Id.* ¶¶ 49-114.)  The claim relevant to the Motion to Remand and Motion to Dismiss is Plaintiff's seventh cause of action, asserted against the Firm and the Associate, for "defamation per se and per quod (libel and slander)."  (*Id.* at 20 (heading).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00870-FWS-JDE                    Date: May 15, 2026
Title: Lorena Niebla v. Mintz Levin Cohn Ferris Glovsky and Popeo *et al.*

## II.    Discussion

Plaintiff argues that this case should be remanded because the parties are not completely diverse as 28 U.S.C. Section 1332 requires.  The parties agree that Plaintiff and the Associate are citizens of California, the Firm is a citizen of Massachusetts, and the amount in controversy exceeds $75,000.  (*See* Compl. ¶¶ 1-3; Mot. at 4; Dkt. 22. at 5.)  They dispute only whether the Associate's citizenship can be disregarded under the doctrine of fraudulent joinder.  (*See id.*)

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).  However, courts apply both a "strong presumption against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation modified).  Accordingly, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden" of proving fraudulent joinder by "clear and convincing evidence."  *Grancare*, 889 F.3d at 548 (citation modified); *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

A defendant may establish fraudulent joinder through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)).  In sum, the court's subject matter jurisdiction depends upon whether the Associate was fraudulently joined, which in turn depends on whether Plaintiff could possibly state a claim against the Associate.  (*See* Mot. at 7-17; Dkt. 22 at 7-15); *Hunter*, 582 F.3d at 1046.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00870-FWS-JDE                          Date: May 15, 2026
Title: Lorena Niebla v. Mintz Levin Cohn Ferris Glovsky and Popeo *et al.*

In this case, the court finds that Defendants fail to meet their heavy burden of demonstrating fraudulent joinder.  Defendants argue there is no possibility Plaintiff can prevail on the defamation claim because (1) the Associate's alleged statements are non-actionable opinion or were not made, (2) the Associate did not publish the alleged statements, and (3) the claim is barred by the common-interest privilege.  (Dkt. 22 at 7-15.)  None of these arguments are patently frivolous.  But showing weaknesses in a plaintiff's claim, or even "showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder.  This is because the standard for establishing fraudulent joinder is more exacting than that for dismissal for failure to state a claim." *Tipton v. Walmart Inc.*, 2021 WL 1561462, at *2 (C.D. Cal. Apr. 20, 2021).  Stated differently, "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare*, 889 F.3d at 549.  Rather, the "propriety of remand based on fraudulent joinder depends solely on whether a claim against the purported sham defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record . . . For that reason, courts routinely grant motions to remand even where . . . a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant." *McBee v. Raytheon Techs. Inc.*, 2024 WL 182282, at *6 (C.D. Cal. Jan. 16, 2024) (citation modified).  "Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand." *Hill v. Airgas USA, LLC*, 2023 WL 9005648, at *2 (C.D. Cal. Nov. 3, 2023).

Applying this standard, courts in this Circuit often decline to find fraudulent joinder where the plaintiff alleges a defamation claim against a nondiverse defendant in relation to their employment. *See, e.g.*, *Seanez v. Union Pac. R.R. Co.*, 2021 WL 2379731, at *6 (E.D. Cal. June 10, 2021) (finding unpersuasive employer's argument that employee's allegedly defamatory statements were statements of opinion and subject to common-interest privilege and therefore concluding the employer "failed to meet its 'heavy burden' of establishing diversity jurisdiction through fraudulent joinder"); *Sherrill v. G & K Servs., Inc.*, 2014 WL 6670064, at *5 (C.D. Cal. Nov. 21, 2014) ("The Court holds that Defendants have not carried their burden of demonstrating that there is no possibility that Plaintiff could state a defamation claim against Dessero. . . . Defendants have not established that Dessero was fraudulently joined to this case; therefore, the Court will not disregard Dessero's citizenship for the purposes of diversity jurisdiction analysis.  Because Plaintiff and Dessero are both citizens of California, the case

---

**CIVIL MINUTES – GENERAL**                                                5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00870-FWS-JDE                                    Date: May 15, 2026
Title: Lorena Niebla v. Mintz Levin Cohn Ferris Glovsky and Popeo *et al.*

lacks complete diversity and must be remanded."); *Morales v. Gruma Corp.*, 2013 WL 6018040, at *3 (C.D. Cal. Nov. 12, 2013); *Webber v. Nike USA, Inc.*, 2012 WL 4845549, at *7 (S.D. Cal. Oct. 9, 2012) ("Based on the discussion above, the Court finds that there is a non-fanciful possibility that Plaintiff would be able to state a claim for . . . defamation against Gielow.  Gielow has not been fraudulently joined.  Accordingly, because Plaintiff and Gielow are both citizens of California, this Court does not have jurisdiction under § 1332.  This action is REMANDED to the San Diego County Superior Court.") (emphasis removed); *Casimere v. Int'l Line Builders, Inc.*, 2024 WL 53004, at *5 (C.D. Cal. Jan. 4, 2024) (similar); *Cenis v. Winco Holdings, Inc.*, 2016 WL 8730683, at *7 (E.D. Cal. Aug. 12, 2016) (similar); *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1246 (C.D. Cal. 2015) (similar); *Johnson v. Wells Fargo & Co.*, 2014 WL 6475128, at *7-12 (C.D. Cal. Nov. 19, 2014) (similar); *Umamoto v. Insphere Ins. Sols., Inc.*, 2013 WL 2084475, at *6 (N.D. Cal. May 14, 2013) (similar).

In this case, while Defendants identify meaningful hurdles to the success of Plaintiff's defamation claim against the Associate, "the Court cannot conclude that Plaintiff has *no possibility* of prevailing on" her defamation claim.  *Hill*, 2023 WL 9005648, at *2 (emphasis added) (remanding action where plaintiff alleged a defamation claim against a non-diverse defendant in an employment action); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.")  In other words, "the Court finds that there is a non-fanciful possibility that Plaintiff would be able to state a claim for . . . defamation against" the Associate.  *Webber*, 2012 WL 4845549, at *7.  The court thus concludes Defendants have not met the high burden of showing that the Associate was fraudulently joined such that his citizenship should be disregarded for purposes of establishing diversity jurisdiction.  Considering the Associate's citizenship means that the court lacks subject matter jurisdiction over this case and it must be remanded.  *See Caterpillar Inc.*, 519 U.S. at 68 (stating diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."); *Kuntz*, 385 F.3d at 1181 ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").  The Motion to Remand is therefore **GRANTED**.

In light of this conclusion, the Motion to Dismiss is **DENIED AS MOOT**.  *See Morales*, 2013 WL 6018040, at *3 ("The Court expresses no view on whether plaintiff's defamation claim is sufficient to withstand a motion to dismiss for failure to state a claim pursuant to

**CIVIL MINUTES – GENERAL**                                                    6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00870-FWS-JDE                          Date: May 15, 2026
Title: Lorena Niebla v. Mintz Levin Cohn Ferris Glovsky and Popeo *et al.*

Federal Rule of Civil Procedure 12(b)(6).  *See Davis v. Prentiss Properties Ltd., Inc.,* 66 F.Supp.2d 1112, 1114 (C.D.Cal.1999) ('If a court were to apply the standard of Rule 12(b)(6) to the diversity-defeating claim, the court would be ignoring the fact that it has no jurisdiction over that claim.').").

## III.   Disposition

For the foregoing reasons, the court **GRANTS** the Motion to Remand and **REMANDS** this case to Orange County Superior Court as case number 30-2026-01544543-CU-WT-CJC. The Motion to Dismiss is **DENIED AS MOOT.**